UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

MARY KATHERN LAWRENCE,      )
                                   )
          Petitioner,       )
                                   )
      v.                   )      Case No. 1:07CV170 CDP
                                   )
UNITED STATES OF AMERICA,      )
                                   )
          Respondent.     )

## MEMORANDUM AND ORDER

This matter is before me on Mary Kathern Lawrence's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. For the reasons set forth below, the motion will be denied.

## I.     Background

On August 14, 2006, Lawrence pled guilty to one count of conspiracy to distribute 50 grams or more of methamphetamine and one count of possession with the intent to distribute 500 or more grams of a substance containing methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 846. Criminal Case 1:06CR89 CDP. In the plea agreement Lawrence stipulated that she was responsible for at least 500 grams, but less than 1.5 kilograms of actual methamphetamine. The government agreed that Lawrence was entitled to relief under the safety valve provision of the sentencing guidelines, U.S.S.G. § 5C1.2, and that a motion for downward departure would be filed if and when she rendered substantial assistance. Lawrence also agreed to waive her appeal rights[1] and her rights to "contest the conviction or sentence in any post-conviction proceeding,

---

[1]The plea agreement states in pertinent part:

In the event the Court accepts the plea, as part of this agreement, both the

including one pursuant to [§ 2255], except for claims of prosecutorial misconduct or ineffective assistance of counsel."

A presentence investigation report (PSR) was prepared which recommended that the base offense level was 36 based upon at least 500 grants but less than 1.5 kilograms of methamphetamine, that two levels should be deducted under Section 2D1.1(b)(7), and that no other adjustments, other than acceptance of responsibility, were applicable. The total offense level was determined to be 31, which is what the parties had recommended in the plea agreement. Because Lawrence had no criminal history points, the criminal history level was recommended as level I. With a total offense level of 31 and criminal history category of I, the advisory guidelines range was determined to be from 108 to 135 months. No objections to the PSR were made.

On November 21, 2006, I sentenced Lawrence to 108 months imprisonment on each count, to be served concurrently, three years of supervised release, and a special assessment of $200. The government did not file a downward departure motion, and Lawrence did not object.

---

defendant and the government hereby waive all rights to appeal all non-jurisdictional issues including, but not limited to, any issues relating to pre-trial motions, hearings and discovery and any issues relating to the negotiation, taking or acceptance of the guilty plea or the factual basis for the plea.

In the event the Court accepts the plea and, in sentencing the defendant, 1) applies the recommendations agreed to by the parties herein, and 2) after determining a Sentencing Guideline range, sentences the defendant within that range, then, as part of this agreement, both the defendant and the government hereby waive all rights to appeal all sentencing issues, including any issues relating to the determination of the Total Offense Level, the Criminal History Category, and Career Offender status.

Lawrence did not file a direct appeal.

**II.    Grounds for Relief**

In her § 2255 motion, Lawrence raises two grounds for relief:

(1)    The government breached the plea agreement by failing to move for a downward departure based upon substantial assistance;

(2)    Lawrence was denied effective assistance of counsel because her attorney failed to adequately communicate with her, failed to discuss the government's case with her, failed to inform her of the facts in the plea stipulation, did not obtain a sentence reduction motion from the government, and failed to review the PSR with her prior to sentencing.

After the government filed its response, Lawrence filed a reply memorandum asserting that her plea was not entered into voluntarily and that she was not advised of the "meaning or implication" of the waiver of her appeal or habeas rights.

**III.    Analysis**

*A.    An Evidentiary Hearing is not Warranted*

I will not hold an evidentiary hearing on this matter. "A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and records of the case conclusively show that he is entitled to no relief." Anjulo-Lopez v. United States, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks omitted). An evidentiary hearing need not be held if Lawrence's "allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998); see also Anjulo-Lopez, 541 F.3d at 817 (no hearing required where claim is "inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.") (internal quotation marks and citation omitted). Because the

records conclusively show that Lawrence is not entitled to relief as a matter of law, I need not hold a hearing.

### B.    Ground 1: Breach of the Plea Agreement

In her first ground for relief, Lawrence argues that the government breached the plea agreement by failing to move for a downward departure for substantial assistance.  The plea agreement states:

> The defendant has offered to assist the government in its ongoing investigation. However, the defendant has not provided substantial assistance at this time. At or near the time of sentencing, the government alone will determine whether the defendant's assistance has been substantial enough to warrant the filing of a motion for downward departure under Section 5K1.1 of the Guidelines or Title 18, United States Code, Section 3553, or both. The defendant fully understands that the government alone will determine what constitutes substantial assistance and the government alone will determine whether to file a motion for downward departure. The defendant further understands that there will be no downward departure without a motion by the government. The defendant further understands that mere assistance is not enough to warrant a downward departure motion and that such a motion is warranted only for substantial assistance. The defendant understands that even if the information provided is truthful and complete, it will not be substantial assistance if the government regards the information to be insufficiently significant or insufficiently helpful.

During the plea colloquy I questioned Lawrence about this provision in her plea agreement:

> Court:  On page six, there is a paragraph headed paragraph G. Do you see the paragraph I'm referring to?
>
> Lawrence: Yes, ma'am.
>
> Court:  Do you understand that there is no guarantee or promise that there will be any kind of a motion filed pursuant to that paragraph?
>
> Lawrence:  Yes, ma'am.

Since the government did not bargain away its discretion to choose whether to file a downward departure motion, the government's decision to not move for a substantial assistance departure

can be reviewed only "if the court finds the refusal was based on an unconstitutional motive or was not 'rationally related to any legitimate Government end.'" United States v. Godinez, 474 F.3d 1039, 1043-44 (8th Cir. 2007) (quoting Wade v. United States, 504 U.S. 181, 185-86 (1992)). When the plea agreement grants the prosecution discretion to move for a substantial assistance departure, "a defendant seeking to compel the filing of such a motion" must make a 'substantial threshold showing of prosecutorial discrimination or irrational conduct' in order to warrant an evidentiary hearing." Godinez, 474 F.3d at 1044 (quoting United States v. Amezcua, 276 F.3d 445, 447 (8th Cir. 2002)). Lawrence does not allege that the government refused to file a motion for downward departure for suspect reasons such as her gender, race, or religion or that the refusal to file the motion was not rationally related to any legitimate government end. Instead, she asserts that she provided the government with a "wealth of information." The government, however, disagrees that the information provided by Lawrence qualifies as "substantial assistance." Lawrence's bare allegation that she provided substantial assistance does not qualify as the "substantial threshold showing of prosecutorial discrimination or irrational conduct" that is the prerequisite for obtaining an evidentiary hearing. Wade, 504 U.S. at 186 ("[A] claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive."); Godinez, 474 F.3d at 1044 ("A defendant's bare assertions that he provided substantial assistance are insufficient to require a hearing on the matter without more specific allegations of improper motive."). Because the government retained the sole discretion to determine whether to file a motion for downward departure and Lawrence has failed to make the necessary "substantial threshold showing" to challenge the government's decision

not to move for downward departure, Ground 1 of Lawrence's § 2255 motion will be denied.

*C. Ground Two: Ineffective Assistance of Counsel*

Lawrence asserts that her counsel was ineffective because he failed to adequately communicate with her, failed to discuss the government's case with her, failed to inform her of the facts in the plea stipulation, did not obtain a sentence reduction motion from the government, and failed to review the PSR with her prior to sentencing. The Sixth Amendment establishes the right of the criminally accused to the effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). To state a claim for ineffective assistance of counsel, Lawrence must prove two elements of the claim. First, she "must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." Id. at 687. In considering whether this showing has been accomplished, "judicial scrutiny of counsel's performance must be highly deferential." Id. at 689. The courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. Id. Second, Lawrence "must show that the deficient performance prejudiced the defense." Id. at 687. This requires her to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In the context of guilty pleas, a petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); Matthews v. United States, 114 F.3d 112, 114 (8th Cir. 1997). The court need not address both components if the movant makes an insufficient showing on one of the prongs. Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995).

The government's response to the Order to Show Cause why Lawrence's § 2255 motion

should not be granted includes an affidavit of Steven Kellogg, Lawrence's counsel. Counsel's

affidavit explains that whenever he was not in the office and able to speak to Lawrence when she

called, he returned her calls promptly. Counsel also avers that he sent a copy of the discovery

materials to Lawrence about a month before her plea date. Counsel's affidavit also explains that

he discussed the government's case with Lawrence at length, in person and on the telephone.

Lawrence's first, second, and third claims are conclusory allegations that counsel did not

sufficiently prepare or discuss her case with her. But these arguments are all refuted by

Lawrence's representations in the plea agreement and her sworn statements to me at the plea

hearing. The plea agreement, which Lawrence admitted she read, signed, and understood states:

> The defendant is fully satisfied with the representation received from defense
> counsel. The defendant has reviewed the government's evidence and discussed
> the government's case and all possible defenses and defense witnesses with
> defense counsel. Defense counsel has completely and satisfactorily explored all
> areas which the defendant has requested relative to the government's case and any
> defenses.

Lawrence also told me under oath that she was satisfied with counsel's representations:

> Court:  You are here with Mr. Kellogg. Have you had enough time to
>          discuss your case with him?
>
> Lawrence: Yes, ma'am.
>
> Court: Are you satisfied with his representation of you?
>
> Lawrence: Yes, ma'am.
>
> Court:  Is there anything you've wanted him to do in representing you that
>          he has failed or refused to do?
>
> Lawrence:  No, ma'am.

"While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (internal citations omitted); see also United States v. Rollins, 2003 WL 21766442, *1 (8th Cir. July 31, 2003).

Lawrence claims that her attorney did not "adequately inform me of what facts were in my plea agreement," but during the plea colloquy I asked Lawrence numerous questions about her understanding of the plea agreement, including the facts supporting her guilty plea:

Court: Did you sign this document here today?

Lawrence: Yes, ma'am.

Court: Did you read it and discuss it with your lawyer before you signed it?

Lawrence: Yes, ma'am.

Court: Is there anything in this document -- well, first, is everything in this document true to the best of your knowledge and understanding?

Lawrence: Yes, ma'am.

Court: Is there anything in here that you disagree with or you don't understand?

Lawrence: No, ma'am.

Lawrence argues that her attorney was ineffective because "he had me plead to over 500 gm, but less than 1.5 kilos (actuals) of methamphetamine; however, my actual, as contained in Discovery was only 456.9 gm. That is a difference base level of 36 (500+gm) and a 34, resulting in no reduction in sentence. Had he reviewed this information with me, I would not have pled to a higher base level." Lawrence's assertion is belied by the record. Lawrence agreed to the amount

of relevant conduct and base offense level of 36 in her plea agreement:

> The parties recommend that the base offense level is 36 as found in Section 2D.1(c)(2). The parties recommend that the quantity of actual methamphetamine for which the defendant is accountable, including relevant conduct, is at least 500 grams but less than 1.5 kilograms, resulting in the recommended Base Offense Level.

Lawrence agreed to these recommendations based on the following factual stipulation, which

clearly states that the actual amount of methamphetamine found in the safe is 456.9 grams:

> The parties stipulate and agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt. May 19, 2006 DEA Agents, Agents from the SEMO Drug Task Force and Deputies from the New Madrid County Sheriff's Department executed search warrants at the home and business of Harold and Mary Kathern Lawrence in New Madrid Missouri. Harold Lawrence was arrested at the Business and found to have approximately one ounce of methamphe

agent, scales and numerous plastic bags were discovered along with approximately $12,000 in United States Currency. Located in Harold Lawrence's briefcase was 776 grams of a substance that later tested positive at the DEA Lab for the presence of 602 grams of actual methamphetamine.

> Agents raiding the Lawrence's residence discovered Mary Lawrence at home. Located in her purse were four small bags containing approximately three grams of methamphetamine packaged for street level distribution and items of drug paraphernalia. Mary Lawrence provided agents with the combination to a safe in the residence which contained 1344 grams of a substance testing positive at the DEA lab for the presence of 456.9 grams of actual methamphetamine. Mary Lawrence told the officers that she was aware that the methamphetamine was present, but that she did not know how much there was. The defendant and the government agree that the facts set forth above are true and may be considered as "relevant conduct" pursuant to Section 1B1.3. Further, the defendant admits that each and every allegation in the Indictment is true and that she committed each and every act alleged therein, and that she did so with the mental state alleged in the Indictment.

I also went over these facts with Lawrence, as well as her stipulation as to relevant conduct and

the base offense level, during her guilty plea:

> Court: Now on pages nine and ten, it sets out the facts of the case. There is the paragraph that says Stipulation of Facts Relevant to

Sentencing.  Did you read all that carefully?

Lawrence: Yes, ma'am.

Court:  It says that on May 19th of 2006, law enforcement officers had a
search warrant for your home and your business, and they came to
execute those warrants, and they arrested your husband at the
business, and found him with methamphetamine, both on his
person and in his briefcase, and other things, cutting agents, scales,
and plastic bags, along with $12,000 in cash.  It says then they -- it
says when they executed the search at your house, they found you
there, and you had four small bags containing three grams of
methamphetamine that were packaged for distribution, and items
of drug paraphernalia, and then in the safe in the home they found
additional methamphetamine.  It was a total of 1344 grams of a
substance that contained methamphetamine, and then the actual
methamphetamine was 456.9 grams, and that was what was in the
safe.  Do you agree that that's what happened in the case?

Lawrence: Yes, ma'am.

Court:  It says that you did tell the officers you knew there was
methamphetamine about, but you did not know how much it was.
Is that correct?

Lawrence: Yes, ma'am.

Court: And do you now agree with the quantities that are set out in this plea agreement?

Lawrence: Yes, ma'am.

\* \* \*

Court:  Now over on page seven and eight and nine, you all have some
recommendations about the Sentencing Guidelines, and you are
recommending that the base offense level is 36 because the
relevant conduct attributable to you is at least 500 grams but less
than 1.5 kilograms of actual methamphetamine.  Do you
understand that?

Lawrence: Yes, ma'am.

Lawrence's attempts to contradict her own sworn statements made at the guilty plea must fail,

and her first three claims of ineffective assistance of counsel are denied.

Lawrence's fourth claim, that her attorney was ineffective for failing to obtain a downward departure for substantial assistance, also fails. Because the government retained the sole discretion to determine whether to file a downward departure motion in Lawrence's case and chose not to do so, any alleged errors or omissions by counsel did not prejudice Lawrence. Her ineffective assistance of counsel claim therefore fails. Pryor v. Norris, 240 F.3d 724, 727 (8th Cir. 2001) (ineffective assistance of counsel claim fails where movant "suffered no prejudice from the alleged ineffectiveness.").[2]

Finally, Lawrence's fifth ineffective assistance of counsel claim is also contradicted by the record. Lawrence now contends that her attorney failed to review the PSR with her prior to sentencing. This allegation is refuted by Lawrence's statements at sentencing:

> Court: Ms. Lawrence, did you have a chance to go over the Presentence
> Report and discuss it with your lawyer?
>
> Lawrence: Yes, ma'am.
>
> Court: Were there any objections that you wanted him to raise that have
> not been raised?
>
> Lawrence: No, ma'am.

Because Lawrence cannot now contradict her statements made to me at sentencing, her ineffective assistance of counsel claim fails. Ground 2 of Lawrence's § 2255 motion will be denied.

*D. Remaining Claims*

For the first time in her reply brief, Lawrence argues that her plea was not entered into

---

[2]Lawrence also told me at sentencing that she had no objections to the PSR and made no argument regarding the government's failure to file a downward departure motion.

voluntarily because of the government's "broken promises" to file a motion for downward departure. For the reasons I have already discussed, the government did not breach the plea agreement by not filing a downward departure motion. Lawrence told me at her plea hearing that she understood that the government had no obligation to do so and cannot now claim that she did not or that her plea was rendered involuntary as a result. Moreover, I questioned Lawrence at length about the voluntary nature of her plea, and she told me under oath that her plea was freely and voluntarily made, that she understood the proceedings and the charges against her, that no one had threatened her or promised her anything not contained in the plea agreement to coerce her into pleading guilty, and that she understood her trial rights, the plea agreement, the elements of the charged offenses, the possible penalties, and how the sentencing process works. Before I accepted her guilty plea, I asked Lawrence if she was certain that she wanted to plead guilty:

> Court: Whenever I have family members who are both charged, I think it's important to find out for sure that the person before me pleading guilty is doing that because she is really guilty, and wants to plead guilty, and not because it has some — she thinks it might have some effect on what might happen to your husband. Are you pleading guilty because you are guilty?

> Lawrence: Yes, ma'am.

Lawrence's claim that her plea was not voluntary is contradicted by her own sworn statements at the plea hearing and does not entitle her to § 2255 relief.

The same is true of her claim that she was not informed by the Court or counsel of the "meaning or implication" of the waiver of her appeal or habeas rights. At the plea hearing, I went over Lawrence's waiver of her appeal and habeas rights as follows:

> Court: You also on page three and four, you have a waiver of post-conviction rights, and these are very important parts of your plea

agreement. If you didn't have these in here, you would be able to appeal your sentence. Obviously, when you plead guilty, you can not appeal whether you're guilty. If you didn't have this agreement, both you and the government could appeal the sentence, and what you're doing is both you and the government are agreeing to give up the right to appeal the sentence so long as I follow the recommendations that you have made and sentence you within the range that results from the recommendations. So do you understand that you are giving up your right to appeal the sentence if I follow your recommendations?

Lawrence: Yes, ma'am.

Court: You are also giving up the right to file a habeas corpus action. That's a post-conviction motion where you could come back to this Court and claim that your rights had been violated, and you are giving up the right to file that unless you later find out something that you believe is prosecutorial misconduct or ineffective assistance of counsel. Do you understand that?

Lawrence: Yes, ma'am.

The plea agreement also states that "the defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal . . . ." Lawrence's claim that she did not understand the waiver of her appeal and post-conviction rights must be rejected.

Finally, I reject Lawrence's conclusory, unsubstantiated allegation that she was coerced into pleading guilty by her attorney. Lawrence's reply brief is devoid of any specific allegations as to the circumstances of the alleged coercion, and a bare assertion does not entitle Lawrence to relief, particularly where her claim is refuted by the record. During the plea colloquy I twice asked Lawrence if her decision to plead guilty was forced or coerced:

Court: Has anyone threatened you or in any way forced you to get you to plead guilty?

Lawrence: No, ma'am.

-13-

* * *

Court: Is anybody threatening you or forcing you to make you do this?

Lawrence: No, ma'am.

Court: Do you want to go forward and plead guilty?

Lawrence: Yes, ma'am.

Lawrence's § 2255 motion will be denied.

### E.    Motion for Appointment of Counsel

Lawrence filed a motion for appointment of counsel. There is neither a constitutional nor

a statutory right to counsel in § 2255 proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555

(1987); 28 U.S.C. § 2255(g). If, as here, no evidentiary hearing is necessary, the appointment of

counsel is discretionary. Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994). In determining

whether the appointment of counsel is necessary, the court should consider whether petitioner

has presented a non-frivolous claim, the legal and factual complexity of the case, the movant's

ability to investigate and present the claim, and any other relevant factors. McCall v. Benson, 114

F.3d 754, 756 (8th Cir. 1997).

Having considered the relevant factors, I do not believe that appointment of counsel is

necessary in this case. Lawrence's claims are meritless as conclusively demonstrated by the

records of the case, her own statements to me, and her signed plea agreement. Moreover,

Lawrence's petition is not factually or legally complex, and she has demonstrated that she

understands the issues and is capable of representing herself. For these reasons, I am denying the

motion for appointment of counsel. See Hoggard, 29 F.3d at 472.

### F.    Certificate of Appealability

As Lawrence has not made a substantial showing of the denial of a federal constitutional right, this Court will not issue a certificate of appealability. <u>See</u> <u>Cox v. Norris</u>, 133 F.3d 565, 569 (8th Cir. 1997) (citing <u>Flieger v. Delo</u>, 16 F.3d 878, 882-83 (8th Cir. 1994)) (substantial showing must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal or otherwise deserving of further proceedings).

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Mary Kathern Lawrence to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255 [#1] is denied.

**IT IS FURTHER ORDERED** that the motion for appointment of counsel [#9] is denied.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, as Lawrence has not made a substantial showing of the denial of a federal constitutional right.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.


_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE


Dated this 9th day of November, 2009.